**WEN RUN CHEN–XU, Petitioner,**

v.

**Michael MUKASEY, United States Attorney General, Respondent.**

**No. 07–5057–ag.**

United States Court of Appeals, Second Circuit.

Nov. 7, 2008.

---

Theodore N. Cox, New York, New York, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division; Linda S. Wernery, Assistant Director; Theodore C. Hirt, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. SONIA SOTOMAYOR, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Wen Run Chen–Xu, a native and citizen of the People's Republic of China, seeks review of an October 31, 2007 order of the BIA affirming the December 2004 decision of Immigration Judge ("IJ") Barbara Nelson denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wen Run Chen–Xu,* No. A 98 113 318 (B.I.A. Oct. 31, 2007), *aff'g* No. A 98 113 318 (Immigr. Ct. N.Y. City Dec. 30, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

This Court reviews the decision of the IJ as adopted and supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Shu Wen Sun v. BIA,* 510 F.3d 377, 379 (2d Cir.2007). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

We conclude that the agency reasonably found that Chen–Xu failed to meet his burden of demonstrating eligibility for the relief he sought. The Attorney General has recently determined that spouses are not entitled to asylum based solely on a partner's alleged forced sterilization. *In re J–S–,* 24 I. & N. Dec. 520, 523 (A.G. 2008). Instead, in order to establish eligibility for relief on family planning grounds, a partner must demonstrate past persecution based on his own "other resistance" to a coercive population control program or a well founded fear that he will be subject to persecution for such "resistance." *Id.*

█ Even assuming that Chen–Xu established that he engaged in other resistance, he failed to challenge on appeal to the BIA the IJ's finding that he did not demonstrate past persecution. Thus, we decline to review as unexhausted Chen–

Xu's argument in his brief to this Court that his two day detention and 12,000 RMB fine amounted to persecution. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 121–22, 124 (2d Cir.2007) (holding that issue exhaustion is mandatory, even if not a statutory jurisdictional requirement). In any event, the agency reasonably found that the detention and fine, in the aggregate, did not constitute persecution, where there is no indication in the record that Chen–Xu suffered any harm while in detention, and he failed to explain the economic impact of the fine. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir.2006) (explaining that to constitute persecution the harm must rise above "mere harassment"); *see also In re T–Z*, 24 I. & N. Dec. 163, 169 (B.I.A.2007) (finding that economic harm may amount to persecution).

■ Moreover, the record supports the agency's determination that Chen–Xu failed to demonstrate a well-founded fear of persecution. As the BIA noted, there was no evidence submitted showing that the authorities had any further interest in Chen–Xu after they released him from detention, including any interest in collecting the balance of the fine. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (holding that an applicant's fear was not objectively reasonable because it lacked "solid support" in the record and was merely "speculative at best"). Further, the BIA appropriately noted that Chen–Xu failed to argue how the future imposition of a fine would constitute persecution. *See In re T–Z*, 24 I. & N. Dec. at 169. Thus, Chen–Xu failed to meet his burden of proving a well-founded fear of persecution. *See* 8 C.F.R. § 1208.13(b)(2).

Because Chen–Xu was unable to show the objective likelihood of persecution needed to make out an asylum claim on the basis of any resistance to a coercive family planning policy, he was necessarily unable to meet the higher standard required to succeed on his claim for withholding of removal because this claim was based upon the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

Lastly, because Chen–Xu failed to challenge the IJ's denial of his application for CAT relief in his appeal to the BIA, we are without jurisdiction to consider any challenge to the denial of that relief. 8 U.S.C. § 1252(d)(1).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).